UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DIVISION 2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 28, 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

ROSIE WALKER,

    Plaintiff,

-VS-                                              CASE NO.: 2:18-cv-38-JLH

SYNCHRONY BANK, and
ALLIED INTERSTATE, LLC,

    Defendant.
_____/

This case assigned to District Judge _____
and to Magistrate Judge _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROSIE WALKER, by and through the undersigned counsel, and sues Defendants, SYNCHRONY BANK, and ALLIED INTERSTATE, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like SYNCHRONY BANK and ALLIED INTERSTATE, LLC (hereinafter "Defendants") from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in St. Francis County, Arkansas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Arkansas, residing in St. Francis County, Arkansas.

10. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, SYNCHRONY BANK, is a corporation with its principal place of business located at 170 West Election Road, Suite 125, Draper UT and which conducts business in the State of Arkansas.

14. Defendant, ALLIED INTERSTATE, LLC, is a Minnesota corporation with its principal place of business located at 12755 Highway 55, Suite 300, Plymouth, MN 55441 and conducting business in the State of Arkansas through its registered agent, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

15. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692(a)(6).

16. The debts that are the subject matter of this complaint are "consumer debts" as defined by U.S.C. § 1692(a)(5).

17. SYNCHRONY BANK and ALLIED INTERSTATE, LLC called Plaintiff on Plaintiff's cellular telephone approximately three hundred (300) total times in an attempt to collect on three credit card debts.

18. SYNCHRONY BANK and ALLIED INTERSTATE, LLC attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

19. SYNCHRONY BANK and ALLIED INTERSTATE, LLC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and also that she received prerecorded messages from SYNCHRONY BANK and ALLIED INTERSTATE, LLC.

21. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number 501 *** 1077 and was the called party and recipient of Defendants' calls.

22. SYNCHRONY BANK and ALLIED INTERSTATE, LLC placed an exorbitant number of autodialed calls to Plaintiff's cellular telephone 501 *** 1077 in an attempt to collect on three credit card debts: a Walmart Credit Card account, a JC Penny Credit Card account, and an Amazon Credit Card account.

23. On several occasions over the last year, Plaintiff instructed SYNCHRONY BANK and ALLIED INTERSTATE, LLC's agent(s) to stop calling her cellular telephone. Originally, after Plaintiff fell behind on her payments in the late summer of 2017 she orally told agents of SYNCHRONY BANK to stop calling her cell phone during recorded conversations.

24. When SYNCHRONY BANK continued to call after an oral request for the calls to stop, Plaintiff sent individual written cease and desist letters regarding each account to the following addresses: Walmart – PO Box 530927 Atlanta, GA, 30354; JC Penny – PO Box 965009 Orlando, FL 32896; Amazon – PO Box 960013 Orlando, FL 32896. Each letter demanded that SYNCHRONY BANK stop calling Plaintiff's aforementioned cell phone. Unfortunately, SYNCHRONY BANK and ALLIED INTERSTATE, LLC continued to call Plaintiff's cellular phone despite this demand.

25. Plaintiff then yet again orally requested the calls stop on a recorded conversation in or about late November, 2018.

26. To date, ALLIED INTERSTATE, LLC continues to call to attempt to collect the aforementioned debts, despite having been told orally by Plaintiff to stop calling.

27. SYNCHRONY BANK and ALLIED INTERSTATE, LLC each have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

28. SYNCHRONY BANK and ALLIED INTERSTATE, LLC each have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or SYNCHRONY BANK and ALLIED INTERSTATE, LLC, to remove the number.

29. SYNCHRONY BANK and ALLIED INTERSTATE, LLC's corporate policies are structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to SYNCHRONY BANK and ALLIED INTERSTATE, LLC they wish for the calls to stop.

30. SYNCHRONY BANK and ALLIED INTERSTATE, LLC each have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

31. SYNCHRONY BANK and ALLIED INTERSTATE, LLC each have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

32. SYNCHRONY BANK and ALLIED INTERSTATE, LLC each have had numerous complaints from consumers against them across the country asking to not be called, however the Defendants continue to call the consumers.

33. SYNCHRONY BANK and ALLIED INTERSTATE, LLC's corporate policies provided no means for the Plaintiff to have her number removed from the call list, even after oral and written requests.

34. SYNCHRONY BANK and ALLIED INTERSTATE, LLC have corporate policies to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

35. None of SYNCHRONY BANK and ALLIED INTERSTATE, LLC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. SYNCHRONY BANK and ALLIED INTERSTATE, LLC willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

37. From each and every call placed without express consent by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

38. From each and every call without express consent placed by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or

outgoing calls while the phone was ringing from SYNCHRONY BANK and ALLIED INTERSTATE, LLC's calls.

39. From each and every call placed without express consent by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42. Each and every call placed without express consent by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43. Each and every call placed without express consent by SYNCHRONY BANK and ALLIED INTERSTATE, LLC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

44. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, nervousness, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA against SYNCHRONY BANK)

45. Plaintiff fully incorporates and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. SYNCHRONY BANK willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified that she wished for the calls to stop.

47. SYNCHRONY BANK repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive

damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA against SYNCHRONY BANK)

48. Plaintiff fully incorporates and re-alleges paragraphs 1 through 44 as if fully set forth herein.

49. At all times relevant to this action SYNCHRONY BANK is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. SYNCHRONY BANK has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

51. SYNCHRONY BANK has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

52. SYNCHRONY BANK's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SYNCHRONY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
**(Violation of the TCPA against ALLIED INTERSTATE, LLC)**

53. Plaintiff fully incorporates and re-alleges paragraphs 1 through 44 as if fully set forth herein.

54. ALLIED INTERSTATE, LLC willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified that she wished for the calls to stop.

55. ALLIED INTERSTATE, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED INTERSTATE, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
**(Violation of the FCCPA against ALLIED INTERSTATE, LLC)**

56. Plaintiff fully incorporates and re-alleges paragraphs 1 through 44 as if fully set forth herein.

57. At all times relevant to this action ALLIED INTERSTATE, LLC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

58. ALLIED INTERSTATE, LLC has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

59. ALLIED INTERSTATE, LLC has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

60. ALLIED INTERSTATE, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED INTERSTATE, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## <u>COUNT V</u>
### (Violation of the FDCPA by ALLIED INTERSTATE, LLC)

61. Plaintiff fully incorporates and re-alleges paragraphs 1 through 44 as if fully set forth herein.

62. At all times relevant to this action ALLIED INTERSTATE, LLC is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

63. ALLIED INTERSTATE, LLC has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64. ALLIED INTERSTATE, LLC has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

65. ALLIED INTERSTATE, LLC has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED INTERSTATE, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

    Sanford Law Firm, PLLC
    One Financial Center
    650 S. Shackleford, Suite 411
    Little Rock, AR 72211
    T: (501) 221-0088
    F: (888) 787-2040

    By: _____
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com